**B. F. READ, Appellant, v. BOARD OF SUPERVISORS OF HAMILTON COUNTY et al., Appellees.**

DRAINS: Assessments—Failure to Object to Improvement. Where
1 a landowner in a drainage district was notified that the purpose of including his drainage district in a new district was for the improvement of outlet, and the plan and estimate of the cost of the outlet were made known in advance, and he made no objection at time of inclusion, he cannot, as to the assessments made, object that he received no benefit, or that the proposed cost of the new improvement was greater than the proposed benefit to the entire district.

DRAINS:  Assessments—Sufficiency of Evidence as to Benefits.  Evidence reviewed, and held that a drainage district was benefited by improvement of its outlet through establishment of another district, and that assessment of benefits against lands of owner was moderate, and not disproportionate to the other assessments made.

*Appeal from Hamilton District Court.*—R. M. WRIGHT, Judge.

MARCH 14, 1919.

APPEAL from a drainage assessment. In the district court, the assessment made by the board of supervisors was confirmed. From such order, the plaintiff appeals.—*Affirmed.*

*Wesley Martin,* for appellant.

*Chase & Chase* and *J. M. Blake,* for appellees.

EVANS, J.—The drainage district in question is known as the Hunter Joint Drainage District. This district, in its organization, was made to include a previous drainage district, known as the Read District. The purpose of the inclusion of the Read District was to deepen and extend the outlet for a distance of a few hundred feet. In the original improvement, as made in the Read District, the tile outlet was made to discharge into an open ditch. A bulkhead was constructed at the mouth of the tile. The open ditch extended for a few hundred feet toward a creek. The grade line of the open ditch was nearly level, and the water moved therein very sluggishly; so that it had partially filled up with silt, and had thereby submerged the mouth of the tile outlet. This was the purported reason for improving such outlet, and for including the Read District within the Hunter Joint District. The plaintiff's farm was included within the Read District, and had been heavily assessed for the improvement therein constructed. The

proposed assessments against the 40-acre tracts in his quarter section farm were as follows: $51.68, $146.03, $93.67, $19.38.

The plaintiff has argued here that the assessments are wholly *void* because of certain irregularities on the part of the commissioners in making the same. The appellees urge upon our attention that no such contention was made before the supervisors. The point of appellees appears to be well taken. We find that the objections presented to the board of supervisors were directed to and were an amplification of two general grounds of attack: (1) That the proposed assessments were excessive; (2) that they were inequitable.

Taking up the second ground of attack first: Were the assessments against the plaintiff inequitable, as compared with other assessments in the district? On this question, the plaintiff himself has testified with a candor which is very creditable to him. He has expressly conceded that his assessments are not higher proportionately than those of other landowners. His claim that the assessments are excessive is predicated upon the theory that *all* the assessments for the outlet improvement are excessive. The testimony of witnesses in his behalf is that the Read District obtained no benefit from the change in the outlet. To put it in another way, it is contended that the cost of the new outlet far exceeded its benefit to the district. The proceedings which included the Read District

1. DRAINS: assessments: failure to object to improvement.

within the Hunter Joint District were regular. The purpose of such inclusion was published; the plaintiff was notified. The plan of the outlet and the estimate of its cost were all made known in advance. The plaintiff made no objection at that time. He is in no position, therefore, to say that he received no benefit. He is likewise precluded from saying

that the proposed cost was greater than the proposed benefit, as applied to the entire district.

Upon the evidence in the record, we are satisfied that a substantial benefit was conferred upon the Read District by the improvement of the outlet. The amount of the actual benefit received could be only a matter of estimate, and at best, an approximation. The amounts assessed against the various tracts of ·the plaintiff's farm are apparently moderate. Concededly, they are not disproportionate. The order of the district court is, therefore,—*Affirmed.*

2. DRAINS: assessments: sufficiency of evidence as to benefits.

·LADD, C. J., PRESTON and SALINGER, JJ., concur.